**UNITED STATES of America, Plaintiff,**

v.

**Jay V. BALL, et al., Defendants.**

**Crim. A. No. 7045.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 27, 1981.

Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for plaintiff.

W. Gordon Ball, Newport, Tenn., and A. Benjamin Strand, Jr., Dandridge, Tenn., for defendants.

## MEMORANDUM AND FINDINGS

NEESE, District Judge.

Concomitantly with the trial of *United States of America,* plaintiff, *v. Jay Ball,* defendant, no. CR–2–81–9, this District on May 18–22, 1981, inclusive, after the probationer Mr. Jay V. Ball (aka Jay Ball) had been given on April 9, 1981 notice of the alleged violations of his probation, a disclosure of the evidence against him, an opportunity to appear and be heard and to present evidence in his own behalf, the opportunity to question witnesses against him, and the opportunity to show any cause he might have as to why his probation should not be revoked .and a sentence imposed on count one of the indictment of October 25, 1968 against him herein, a hearing on the revocation of his probation of April 15, 1969 was held. Rule 32.1(a)(2), Federal Rules of Criminal Procedure (effective December 1, 1980). Probable cause to hold the probationer for such hearing, Rule 32.1(a)(1), Federal Rules of Criminal Procedure, had been found after a preliminary hearing. *See* report and recommendation of April 27, 1981 of a magistrate herein.

From the evidence adduced as indicated, the Court hereby FINDS, on the basis of the probationer's original offense in the period August 14–30, 1968, inclusive, and his intervening conduct:

1. that the probationer Mr. Jay V. Ball violated the condition of his probation of April 15, 1969 herein " * * * that he obey all * * * federal laws * * *," by *inter alia:*

(a) selling a stolen 1978-model Ford pickup truck on March 12, 1980, and

(b) selling another stolen 1978-model Ford pickup truck on March 20, 1978, each of which had moved from Asheville, North Carolina, to Cocke County, Tennessee, at respective times when he knew each such motor vehicle had been stolen; and,

2. that it could unduly depreciate the seriousness of such violations if his probation is not revoked. Accordingly, the probation of Mr. Jay V. Ball of April 15, 1969 hereby is

REVOKED.

The Court further hereby FINDS:

3. that the offender is in need of additional correctional treatment which can be provided most effectively if he is confined; and

4. that the confinement of the defendant Mr. Jay V. Ball is necessary to protect the public from further criminal activity by the offender.

Additional sentence hereby is ASSIGNED to be imposed at 12:30 o'clock, p. m., Wednesday, July 15, 1981, pending which the defendant will remain on his present bond herein.